670 N.W.2d 217 (2003)
PEOPLE of the State of Michigan, Plaintiff-Appellant,
v.
Walter William DOERR, Defendant-Appellee.
Docket No. 124198, COA No. 247500.
Supreme Court of Michigan.
October 24, 2003.
On order of the Court, the application for leave to appeal the April 25, 2003 order of the Court of Appeals is considered, and, pursuant to MCR 7.302(G)(1), in lieu of granting leave to appeal, we REMAND this case to the Court of Appeals for consideration as on leave granted. On remand, the court is to consider whether, in light of People v. Russo, 439 Mich. 584, 487 N.W.2d 698 (1992), the search warrant in this case was stale. It is further to consider whether the trial court abused its discretion when it ignored the plain view doctrine advanced by the prosecutor.
We do not retain jurisdiction.
CORRIGAN, C.J., concurs and states as follows:
I concur in the order remanding this case to the Court of Appeals for consideration as on leave granted, but write separately to emphasize the following points. Among the issues to be considered, the Court of Appeals should address whether the "contact sheet" of a nude, unidentified female, who appeared to be underage, had sufficient probative worth to be admitted into evidence for jury consideration. Further, the Court of Appeals should address whether the videotape involving defendant and his wife was validly seized, under either the scope of the original warrant or the "plain view" exception to the warrant requirement. Finally, the Court of Appeals should consider whether the fact that this tape did not contain child pornography affected the validity of its initial seizure.
MICHAEL F. CAVANAGH and MARILYN J. KELLY, JJ., would deny leave to appeal.